IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPI
NORTHERN DIVISION

ROGER LEWIS                                                                                             PLAINTIFF

V.                                                             CAUSE NO. 3:14-cv-137-CWR-LRA

CAROLYN W. COLVIN, Commissioner                           DEFENDANT
United States Social Security Administration

**ORDER**

Before the Court is the plaintiff's objection to the Magistrate Judge's Report and Recommendation (R&R). Docket No. 14. The R&R recommends affirming the Commissioner's denial of Supplemental Security Income. Docket No. 13.

The Court has reviewed *de novo* the portions of the R&R to which the plaintiff has objected. 28 U.S.C. § 636(b). It finds that remand is not warranted. Substantial evidence supports the Commissioner's decision. *Audler v. Astrue*, 501 F.3d 445, 447 (5th Cir. 2007). First, the claimant bears the burden to show that the impairment complained of is severe. *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). The presence of an impairment alone is not disabling. *Id.* While Lewis' medical records indicated that he was "glaucoma suspect," Lewis was never diagnosed with glaucoma, Lewis' uncorrected vision was 20/20, and the record did not contain any evidence showing that Lewis' blurred vision was severe. Docket No. 13, at 5. The record was sufficient to determine that Lewis did not suffer from a visual impairment, thus the ALJ fulfilled her duty in developing a full and fair record.

Second, although the ALJ would have ideally identified any listing she considered in reaching her determination, the Fifth Circuit has found that not doing so is harmless error as long as the claimant's substantial rights are not affected. *Audler*, 501 F.3d at 448. Here, the ALJ

considered the cumulative effect of Lewis' obesity, thus her failure to reject all listings in this case was harmless error. Docket No. 13, at 7.

Third, while an ALJ should typically request a medical source treatment to determine a claimant's residual functional capacity, the Fifth Circuit has found that the record is not incomplete in the absence of such request. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). The ALJ's reliance on the vocational expert's testimony satisfied the most critical issue of whether substantial evidence supports the ALJ's determination. *See Fields v. Bowen*, 805 F.2d 1168, 1170-71 (5th Cir. 1986).

Fourth, the Appeals Council did not err in not considering Lewis' treating physician's opinion. Lewis' treating physician's opinion was not material because it did not relate to the time period for which Lewis' benefits were denied. *See Haywood v. Sullivan*, 888 F.2d 1463, 1471-2 (5th Cir. 1989) (citation omitted).

Accordingly, this Court adopts the R&R findings and conclusions as its own, and grants the Commissioner's motion to affirm.

A Final Judgment will issue this day.

**SO ORDERED,** this the 8th day of September, 2015.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
